UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
DUAL NORTH AMERCA, INC.,                                          :
                                                                  :
                           Plaintiff,                             :
                                                                  :     23-CV-8918 (JMF)
            -v-                                                   :
                                                                  :     ORDER
DENNIS KEARNS et al.,                                             :
                                                                  :
                           Defendants.                            :
                                                                  :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On October 11, 2023, Plaintiff filed a Complaint in which it invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.  *See* ECF No. 1, ¶ 15.  Although Plaintiff states that "the parties are diverse," it merely alleges the Defendants' states of residence, not their states of citizenship.  *Id.* ¶¶ 11-14.  This is not enough.  *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)).  For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

      Accordingly, no later than **October 23, 2023**, Plaintiff shall file an amended complaint properly alleging the *citizenship* of each party to this action.  If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

      SO ORDERED.

Dated: October 16, 2023
       New York, New York
                                                         JESSE M. FURMAN
                                                         United States District Judge