ROTTENBERG LIPMAN RICH, P.C.

NEW JERSEY OFFICE
PARK 80 WEST, PLAZA ONE
250 PEHLE AVENUE, SUITE 601
SADDLE BROOK, NEW JERSEY 07663
TELEPHONE (201) 490-2022
TELECOPIER (201) 490-2040

The Helmsley Building
230 PARK AVENUE
EIGHTEENTH FLOOR
NEW YORK, NEW YORK 10169
TELEPHONE (212) 661-3080
TELECOPIER (212) 867-1914

WWW.RLRPCLAW.COM

STEVEN M. KAYMAN
MEMBER
SKAYMAN@RLRPCLAW.COM

October 19, 2023

**BY ECF**

Honorable Jesse M. Furman, U.S.D.J.
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:  **DUAL North America v. Kearns, et al., No. 1:23-cv-8918-JMF-SDA**
     **Opposition to Plaintiff's Letter-Motion for Expedited Discovery**

Dear Judge Furman:

We represent Defendants Dennis Kearns, Daniel Simnowitz, Patrick Darragh and Avesi Partners, LLC in this case. This letter is respectfully submitted in opposition to Plaintiff DUAL North America's ("DUAL") procedurally and substantively deficient letter-motion seeking what it calls "limited" expedited discovery. [1] DUAL's **only** justification for expedited discovery is that it **might** uncover evidence that **might** give it a basis for seeking injunctive relief to interfere with the Defendants' nascent business.

Courts in this District routinely deny applications for expedited discovery that are fishing expeditions. [2] Expedited discovery should be denied in this case for myriad reasons, chief among them that: (1) DUAL faces no threat of irreparable harm, with or without the benefit of discovery, and stopping or slowing the new business with an injunction will not repair DUAL's transaction risk business (which is only one program in a business that manages in excess of 45 products in North America, representing $1.5 billion of annual gross written premium, and whose parent Howden Group Holdings, is responsible for businesses that generated $30 billion of annual gross written premium); (2) there are vast and obvious weaknesses in the merits of DUAL's claims; and (3) Plaintiff's evident intent in suing and seeking expedited discovery is to harass and punish the individual defendants, who were at-will employees, for leaving. [3] Public policy strongly discourages such attempts to interfere with employee mobility and fair competition.

---

[1] To the extent that the Court determines that DUAL's application warrants serious consideration, which it does not, DUAL should be required to file a proper motion with supporting certifications and otherwise in compliance with Court rules and Defendants should be given an opportunity to submit a more fulsome set of opposition papers.

[2] "[C]ourts faced with . . . requests [based on pure speculation or conjecture] routinely decline to authorize fishing expeditions." *Surles v. Air France*, No. 00 CIV 5004, 2001 WL 815522, at *4 (S.D.N.Y. July 19, 2001) (Maas, J.); *see also Colds v. Smyth*, No. 22-CV-2023, 2023 WL 6258544, at *10 (S.D.N.Y. Sept. 26, 2023) (Seibel, J.) (denying expedited discovery because the plaintiff fell "woefully short of establishing good cause" in light of "the weakness of the claims"); *Kreit v. Byblos Bank S.A.L.*, No. 22-cv-10751, 2023 WL 3005852, at *1 (S.D.N.Y. Mar. 28, 2023) (Liman, J.) (denying expedited discovery because "[a]lthough [the plaintiff] allege[d] . . . that he needs information in the possession of the [d]efendant to advance his claim, . . . he does not provide . . .a basis for believing that such discovery would . . . advance his claims.").

[3] DUAL has already engaged in harassment of Defendants by wiping Kearns' personal cell phone in violation of its own policies and in infringement of his right of privacy and by sending process servers to the homes of the individual Defendants, including late at night and serving Kearns *twice in the same day*, even after Defendants' counsel accepted service. Further, DUAL refused to provide service waivers to Defendants to receive their statutorily prescribed time to respond to the Complaint within 60 days despite DUAL's request that Defendants waive service.

ROTTENBERG LIPMAN RICH, P.C.

Hon. Jesse M. Furman, U.S.D.J.
October 19, 2023
Page 2

**ANY LEGALLY ADDRESSABLE DAMAGES DUAL HAS SUFFERED ARE COMPENSABLE AND WOULD NOT BE REPAIRED BY INTERFERING WITH THE DEFENDANTS' NEW BUSINESS**

In *Notaro v. Koch*, the court articulated the following stringent standard for justifying expedited discovery: (1) irreparable injury, (2) a probability of success on the merits, (3) a connection between the expedited discovery and the avoidance of irreparable injury and (4) evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (Edelstein, J.); *see also Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 730 (S.D.N.Y. 1996) (Koeltl, J.) (adopting the *Notaro* standard). More recently, courts have determined that although a more flexible "good cause and reasonableness" test has been adopted by some courts in this District, *Notaro* may still be appropriately applied in a proper case. *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 42 n.10 (S.D.N.Y. 2022) (Caproni, J.) (explaining that the *Notaro* standard "was designed to address. . . [a] plaintiffs' request to take [the] defendant's deposition within thirty days of filing the action to support a permanent injunction") (citing *Notaro*, 95 F.R.D. at 404-05).

Here, DUAL's request is the exact type of fishing expedition for which expedited discovery should not be granted. Just as in *Notaro*, within 30 days of filing this case, DUAL has sought not only to propound up to 40 interrogatories and 40 document requests, but to depose all four Defendants, while also threatening to re-depose them during the normal course of discovery. DUAL cannot justify expedited discovery because it has failed to demonstrate irreparable injury.[4] Even if the Court granted expedited discovery and Defendants are enjoined, how would that help DUAL rebuild its business? If DUAL were to prove liability, which it cannot, then damages would be an adequate remedy. Whether under *Notaro* or the good cause test, DUAL's application fails.

**DUAL'S CLAIMS ARE EXTRAORDINARILY WEAK**

DUAL's protestations of innocent victimhood ring hollow. It does not allege that the individual Defendants walked off with documents or otherwise misappropriated trade secrets. Instead, its claims are all founded on the loss of at-will employees and non-exclusive referral sources and insurance company providers. Here are just some of the challenges DUAL faces in prosecuting this meritless case:

- It relies on unsigned or partially signed, unenforceable[5] and overbroad contracts where there was not even a meeting of the minds as to the terms;
- Even if there were enforceable contracts, the non-solicitation of customers and insurance company provider restrictions are limited to pending transactions, with which Defendants have indicated they will nevertheless comply;
- "Mere preparation" for a new job is permissible when still working for a prior employer;
- DUAL elected to keep Kearns, Simnowitz, and Darragh as at-will employees, rather than asking them to execute term contracts;[6]

---

[4] *See Faiveley Transp. v. Wabtec Corp.*, 559 F.3d 110, 120 (2d Cir. 2009) (ruling that there is no presumption of irreparable injury even in the trade secret context).

[5] *See BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 388-89, 712 N.E.2d 1220 (N.Y. 1999) (articulating the "prevailing standard of reasonableness" applied by New York courts in determining the validity of non-competes and non-solicitation restrictions).

[6] DUAL's claim that the individual defendants were so vitally valuable and integral to DUAL's operations is belied by its own conduct and they were free to jointly look for new work together. *See In Re Document Technologies Litigation*, 275 F. Supp. 3d 454, 466 (S.D.N.Y. 2017) (Rakoff, J.) (holding that although "[the plaintiff] . . . assert[ed]

ROTTENBERG LIPMAN RICH, P.C.

Hon. Jesse M. Furman, U.S.D.J.
October 19, 2023
Page 3

- DUAL's dysfunctional communications and lack of responsiveness to Kearns, Simnowitz, and Darragh concerning their resignations and purported notice obligations undercuts its effort to now exalt its purported legal rights;
- DUAL is attempting to "lock up" industry participants as to which DUAL has no "legitimate interest"[7] because of the non-exclusive nature of relationships with insurance company providers and brokers who do business with multiple clients in the transactional risk industry (non-exclusivity clauses are in DUAL's contracts with insurance company providers and those providers have always also done business with DUAL's direct competitors);
- Any carriers who terminated relationships with DUAL did so of their own volition once they learned from DUAL that Kearns, Simnowitz, and Darragh had resigned (the carriers lacked confidence in DUAL, which is not the fault of Defendants);
- Defendants did not spread any rumors or have any discussion in the marketplace regarding their resignations; rather, it was DUAL that went public by leveraging press coverage and filing this lawsuit;
- Kearns, Simnowitz and Darragh did not solicit any DUAL employees and Avesi Partners is under no restrictions that would prevent it from doing so;
- Many members of DUAL's transactional risk team have not resigned and have indicated to DUAL that they are staying or that DUAL enticed them to stay with;
- There are statements in the Complaint that are not only unsupported but completely ridiculous, like the allegation in paragraph 67 that "Avesi Partners offered Kearns individually $100 million to launch the new GA." This is preposterous and false;
- DUAL mishandled and outright ignored the concerns of the individual Defendants regarding the detrimental impact to the business stemming from the behavior of DUAL's parent Howden in poaching key employee groups from DUAL's number one trading partner and other key trading partners, which materially affected the individual Defendants' ability to ply their trades and led them to consider a new career path;
- DUAL's own frequent conduct in "lifting out" groups from other companies, including resulting litigations, brands it with extremely "unclean hands"; and
- Any injunction would be against New York public policy as it would interfere with free, fair and vigorous competition and employee mobility.[8]

The Court should see this case for what it is. The individual Defendants were at-will employees and had every right to leave to start their own business. Likewise, Avesi Partners had every right to back them financially and otherwise assist in forming the business. This is what America is all about. Defendants respectfully request that DUAL's application be denied.

---

that the . . . [d]efendants breached [their non-solicitation] provision[s] by jointly searching for new employment," the provision was "unenforceable insofar as it purports to prohibit at-will employees, who have yet to accept an offer of new employment, from 'inducing' or even 'encouraging' their coworkers to leave their present employer.").

[7] Broadly speaking, an employer has a legitimate interest "(1) to prevent an employee's solicitation or disclosure of trade secrets, (2) to prevent an employee's release of confidential information regarding the employer's customers, or (3) in those cases [where] the employee's services to the employer are deemed special or unique," including where the employee developed unique relationships with clients at the employer's expense. *Master Card Int'l Inc. v. Nike, Inc.*, 164 F. Supp. 3d 592, 602 (S.D.N.Y. 2016) (Roman, J.) (citing *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 70 (2d Cir. 1999)). Here, most of the carrier relationships were formed by the individual defendants before their employment with DUAL in addition to being non-exclusive.

[8] *See EarthWeb, Inc. v. Schlack*, 71 F. Supp. 2d 299, 313 (S.D.N.Y. 1999) (Pauley, J.) ("[T]he general public policy favoring robust and uninhibited competition should not give way merely because a particular employer wishes to insulate himself from competition.") (citation omitted).

Rottenberg Lipman Rich, P.C.

Hon. Jesse M. Furman, U.S.D.J.
October 19, 2023
Page 4

Respectfully submitted,

STEVEN M. KAYMAN

cc:   All counsel of record (via ECF)

The Court agrees that Plaintiff has not made the requisite showing for the expedited discovery
it seeks.  Accordingly, its motion for expedited discovery is denied.  That said, given that
Defendants have appeared, the Court will accelerate the initial pretrial conference so that
discovery can commence sooner.  The initial pretrial conference is hereby RESCHEDULED
for October 26, 2023, at 9:30 a.m.  The call-in information remains the same.  See ECF No.
12.  The parties shall promptly confer and, no later than October 24, 2023, file the joint letter
and proposed case management plan required by the Court's Order of October 16, 2023.  See
id.  The Clerk of Court is directed to terminate ECF No. 13.

SO ORDERED

October 20, 2023