## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DUAL NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> DENNIS KEARNS, PATRICK DARRAGH, DANIEL SIMNOWITZ, and AVESI PARTNERS, LLC, <br><br> Defendants. | Case No. 23-cv-8918 (JMF)(SDA) <br><br><br> **JOINT CONFIDENTIALITY AGREEMENT AND ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties and any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto that the following Joint Confidentiality Agreement and Order (the "Order") shall govern the handling of confidential and proprietary information produced by any party (the "Producing Party") during this litigation, any related proceedings and/or appeals therefrom, if any (the "Litigation").

1.      This Order applies to all information, documents, and things exchanged in or subject to discovery that are produced or otherwise provided in the Litigation, either by a party or a non-party, to any other party or non-party, in response to or in connection with any discovery requests or subpoenas.

2.      This Order also applies to any non-parties that are served with subpoenas for documents or depositions in connection with the Litigation, and all such non-parties are entitled to the protection afforded hereby and subject to the obligations contained herein upon their execution of Exhibit A hereto.

1

3.      In responding to a request for discovery or a subpoena, the Producing Party may designate as "Confidential" any documents, information, or deposition testimony that it believes in good faith contain (i) non-public business information, including but not limited to financial information, personnel information, client information, or other proprietary business information or trade secrets, (ii) non-public personal information, or (iii) information implicating a legitimate expectation of privacy concerning social security numbers, sensitive financial information, or other proprietary information.  All of the foregoing categories of information are collectively referred to as "Confidential Material."  A Producing Party that designates material as "Confidential" is referred to as a "Designating Party."

4.      In responding to a request for discovery or a subpoena, the Producing Party may designate as "Attorneys' Eyes Only" or "AEO" any documents, information, or deposition testimony that it believes in good faith contain trade secrets or that would otherwise create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.  Such information is referred to as "AEO Material."  A Producing Party that designates material as "AEO Material" is referred to as a "Designating Party."

5.      Any party or non-party shall have a right to designate as "Confidential" or "Attorneys' Eyes Only" or "AEO" documents or information provided by another party or non-party if the documents or information originated with or were created by the Designating Party, or contain Confidential or AEO Material, as defined herein, concerning the Designating Party.

6.      The parties shall, in good faith, use Confidential and AEO Material solely for the purposes of preparing for and conducting the Litigation, but for no other purpose.

7.      The designation of material as Confidential or AEO Material for purposes of this Order shall be made in the following manner:

4887-3088-3986\1

a.      in the case of documents, exhibits, briefs, memoranda, or other materials (apart from depositions or other pretrial testimony): by stamping "Confidential" or "Attorneys' Eyes Only" or "AEO" on each page of any material containing any such material; and

b.      in the case of depositions or other pretrial testimony: (i) by a statement on the record during the deposition that a question calls for Confidential or Attorneys' Eyes Only information, in which case the reporter will mark the relevant testimony as "Confidential [or Attorneys' Eyes Only] Information Governed by Protective Order"; (ii) by stamping "Confidential" or "Attorneys' Eyes Only" on any page of the deposition transcript to be so designated and marking the cover of the transcript with "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL [or ATTORNEYS' EYES ONLY] Material"; or (iii) in any manner agreed to in advance by both parties and, if applicable, a non-party.  If there is disagreement as to the appropriateness of the requested designation, the parties and, if applicable, a non-party are required to follow the protocol set forth below in Paragraph 9, with the "Producing Party" being the party requesting the designation of testimony as Confidential or Attorneys' Eyes Only and the objecting party being the equivalent of the "Receiving Party."

8.      If the Receiving Party has an objection to a Confidential or Attorneys' Eyes Only designation, the Receiving Party shall notify the Producing Party of its objection.  The notification must be in writing and must detail the basis for such objection.  After receiving the notification, if the Producing Party continues to believe that the information and/or documents should retain its designation, the Producing Party shall notify the Receiving Party within five (5) business days of their continued disagreement and the Receiving Party shall then have five (5) business days after sending this final notification (or a longer period of time if the parties agree or via Court Order) to seek an Order from the Court stating that the material is not entitled to its

designation.  The information and/or documents shall be treated as they are designated until a decision by the Court that re-designates them.

9.      Confidential Material may be disclosed, summarized, or otherwise communicated in whole or in part by the parties receiving said information only to the following persons, who may make use of such information only in connection with the Litigation:

   a.      Outside counsel who represent parties in the litigation, in-house counsel for the parties, and employees of counsel;

   b.      Officers, directors, partners, or employees of any party or their affiliates hereto who are performing duties in connection with the Litigation;

   c.      Experts or consultants assisting the parties who have signed Exhibit A;

   d.      Potential or anticipated witness or deponents and their counsel who have signed Exhibit A;

   e.      Court reporters and videographers who have signed Exhibit A; and

   f.      The Court and its support personnel.

10.      AEO Material may be disclosed, summarized, or otherwise communicated in whole or in part by the parties receiving said information only to the following persons, who may make use of such information in connection with the Litigation:

   a.      Outside counsel who represent parties in the litigation and employees of counsel;

   b.      Experts or consultants assisting the parties who have signed Exhibit A, but, as to industry and liability experts, only upon written permission of the Producing Party;

   c.      Potential or anticipated witness or deponents and their counsel who have signed Exhibit A, but only upon written permission of the Producing Party;

4887-3088-3986\1

d.      Court reporters and videographers who have signed Exhibit A; and

e.      The Court and its support personnel.

11.      Before the Receiving Party or its counsel may show or disclose Confidential

Material or AEO Material to any witness, expert, or consultant, that witness, expert, or

consultant shall be provided a copy of this Order.  Such persons shall be required to confirm their

understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit A

hereto, which copy shall be maintained by the party retaining the expert or consultant or who is

examining or interviewing the witness.  If a witness refuses to execute a copy of Exhibit A

attached hereto, then the Receiving Party shall seek and obtain either a written agreement from

all parties and, if applicable, a non-party in advance or appropriate relief from the Court prior to

showing or disclosing the Confidential or AEO Material to such witness.  Any disclosure of

Confidential Material or AEO Material to witnesses, experts, and/or consultants must be

necessary, in the opinion of the Receiving Party, for the conduct of the Litigation.  Such opinion

shall not impact the right of the Producing Party to seek relief from the Court if the Producing

Party believes that the disclosure was not necessary to the conduct of the Litigation.  If the

Receiving Party intends to use Confidential Material or AEO Material in connection with any

papers to be filed with the Court, the Receiving Party shall seek to file such Confidential

Material or AEO Material under seal.  To the extent possible and/or practicable, and in

accordance with applicable court rules, Confidential Material (or AEO Material) and non-

Confidential Material shall be filed separately, and a party shall seek to file only Confidential

Material or AEO Material under seal.  This Paragraph shall not prevent a second copy of any

such pleading or other document specifically intended for review by the Court from being

delivered to Chambers and/or the other parties to the Litigation, so long as reasonable safeguards are observed by the parties to maintain the confidentiality of the pleading or document.

12.     If any party wishes to use Confidential Material or AEO Material during any hearing or trial in the Litigation, the parties and, if applicable, non-parties will, before the hearing or trial, confer in good faith to attempt to agree upon a method to protect such Confidential Material or AEO Material.  If the parties and, if applicable, a non-party are unable to reach agreement, the party opposing the use of such Confidential Material or AEO Material may seek a Court Order protecting such Confidential Material or AEO Material during the hearing or trial.  The parties agree to abide by the terms of this Order pending resolution by the Court of any such dispute unless the Court does not resolve such dispute prior to the commencement of the hearing or trial.

13.     The use of any Confidential Material or AEO Material in the Litigation shall not cause such material to lose its Confidential or AEO status.  Any person so using such Confidential Material or AEO Material shall take all reasonable steps to protect its confidentiality during such use.

14.     Entering into, agreeing to, producing, or receiving Confidential Material or AEO Material under, or otherwise complying with, this Order shall not be construed as a waiver of the right of any non-party subject to this Order:

          a.     to object to the production of documents that it considers not subject to discovery;

          b.     to petition the Court for a further protective order relating to any designated material;

      c.     to seek a Court determination as to whether any documents or testimony constitute Confidential Material or AEO Material under the terms of this Order; or

      d.     to object to the introduction of any Confidential Material or AEO Material at any hearing or trial in this matter.

15.     The inadvertent failure to designate a document as Confidential Material or AEO Material at the time of disclosure shall not be deemed a waiver of the Producing Party's claim of confidentiality.  The Producing Party may cure such an inadvertent failure upon written notice to the other party.

16.     Pursuant to Rule 502(d) of the Federal Rules of Evidence the Parties agree and request that the Court order that, in the event a Producing Party inadvertently produces a document or thing that otherwise is not discoverable for reasons of the attorney-client privilege or work product privilege, or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product privilege.  All copies of such inadvertently produce documents and things shall promptly be returned by the Receiving Party to the Producing Party upon request by the Producing Party.  Upon such demand, the Receiving Party shall return the documents and things and not retain copies thereof.

17.     If a Receiving Party is served with a demand, subpoena, or other legal process in any other action that seeks discovery material which was produced or designated as Confidential Material or AEO Material by the Producing Party, the Receiving Party shall give the Producing Party prompt written notice, by hand or email, within five (5) business days or as soon as possible thereafter of receipt of such demand, subpoena, or other legal process and shall not produce such Confidential Material or AEO Material until any objections to such production are

4887-3088-3986\1

resolved, unless to do so would require the Receiving Party to violate an order from a court of competent jurisdiction.

18.     Within thirty (30) days after the termination of the Litigation, the Receiving Parties shall either return any Confidential Material or AEO Material and all copies to the Producing Party or certify in writing to the Producing Party that such documents have been destroyed.  The parties shall make reasonable efforts so that all experts and consultants they have retained abide by this provision.  Notwithstanding the foregoing, a Receiving Party will not be required to delete electronic Confidential Material or AEO Material will continue to be subject to the terms of this Order until it is destroyed by the Receiving Party.  In the event that a Receiving Party has or acquires actual knowledge of any breach of the confidentiality of, or the misappropriation of, any Confidential Material or AEO Material received under this Order, such party shall promptly give notice thereof to the Producing Party.

19.     The parties agree to be bound by the terms of this Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of the Order's terms shall be subject to the same sanctions and penalties as if the Order had been entered by the Court.

20.     The parties to this Order may agree in writing to alter or waive the provisions or protections provided for herein with respect to particular discovery material.

4887-3088-3986\1

Dated: November 27, 2023

**ROTTENBERG LIPMAN RICH, P.C.**

By:   */s/ Steven M. Kayman*
     Steven M. Kayman, Esq.
     Lauren R. Davis, Esq.
The Helmsley Building
230 Park Avenue, 18th Floor
New York, New York 10169
(212) 661-3080

*Attorneys for Defendants*

**DORSEY & WHITNEY LLP**

By:   */s/ Mark Sullivan*
     Mark Sullivan, Esq.
     sullivan.mark@dorsey.com
51 West 52nd Street
New York, New York 10019
Telephone: (212) 415-9200

F. Matthew Ralph (admitted *pro hac vice*)
ralph.matthew@dorsey.com
Andrew T. James (admitted *pro hac vice*)
james.andrew@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

*Attorneys for Plaintiff*

IT IS SO ORDERED

Dated:  November 29, 2023
       New York, New York

_____
Hon. Jesse M. Furman
United States District Court Judge

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  S*ee New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DUAL NORTH AMERICA, INC., | Case No. 23-cv-8918 (JMF)(SDA) |
| Plaintiff, | |
| v. | **EXHIBIT A – ACKNOWLEDGEMENT OF** |
| DENNIS KEARNS, PATRICK DARRAGH, DANIEL SIMNOWITZ, and AVESI PARTNERS, LLC, | **CONFIDENTIALITY** |
| Defendants. | |

I, the undersigned, hereby acknowledge that I have read the Joint Confidentiality Agreement and Order (the "Order").  I understand and agree to be bound by the terms and conditions of that Order.  I further consent to the jurisdiction of this Court, but only for purposes of enforcement of the Order, which shall not be deemed a consent to the jurisdiction of this Court for any other purpose.  I understand and agree that disclosure or use of Confidential Material or AEO Material other than in accordance with the terms and conditions of the Order may result in the imposition of sanctions, including, but not limited to, punishment for contempt of Court.

_____      _____
Date                                                          Signature

Provide information below, where Receiving Party is a business entity:

Signed on behalf of:                            In capacity as:


_____      _____
Name of Receiving Party                      Title of Signatory

10